(*) BROWN *versus* EMERY EDES AND EDWIN O. LOVERING.

The adjustment of mutual accounts on settlement between the parties, *according to the book kept by the plaintiff*, in which by mistake an article had been wrongfully credited to the defendant, may perhaps give to the plaintiff a right to recover the amount of the over-credit.

But such an adjustment, without further proof, would not show such a fraud or such a fraudulent concealment of the cause of action, as to avoid the statute of limitations.

A written admission by the defendant in such a suit, that "he does not claim," and that he "never did own or claim" the article, and that he "had never claimed any exemption from liability on account of time," would not support the action, if brought more than six years after such adjustment of the accounts.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

ASSUMPSIT, for money had and received. Plea general issue, with a brief statement of the statute of limitations and joinder. The writ was dated May 15, 1851.

The plaintiff, a merchant in Portland, on the seventh of May, 1842, received from one Wilkinson Edes a quantity of shooks, a portion of which, of the value of $54,80, was supposed to have been sent by the defendants, and were accordingly credited to them in their account with the plaintiff. The plaintiff and the defendants settled their account, November 5, 1842, and the said sum of $54,80, was allowed to defendants. In November, 1850, in a settlement of ac-

counts between Wilkinson Edes and the plaintiff, he, Wilkinson Edes, claimed that *all* the shooks belonged to him, and the plaintiff allowed him for them. The plaintiff then introduced the original receipt given by him to Wilkinson Edes for the shooks received May 7, 1842, upon the back of which was the following memorandum in writing, viz: "Lovering & Edes never claimed or owned any part of the within lumber, nor any exemption from liabilities on account of time.                            "Emery Edes.
"Naples, August, 1850."

Also a copy of said receipt, with the following memorandum upon the back thereof, viz: "I knew nothing of any part of the lumber contained in the within receipt belonging to Lovering & Edes, or ever directing any part of it to be credited to them. They claim none of it.
"E. O. Lovering."

Upon this testimony, all of which was admitted without objection, the presiding Judge ruled that the plaintiff was entitled to recover against Emery Edes; and if this ruling was correct, judgment is to be entered against said Emery Edes for the sum of $54,80, with interest from such time as the Court shall order; and the plaintiff to discontinue as to Lovering, the other defendant; otherwise the plaintiff to become nonsuit.

*Rand*, for plaintiff.

*Perry*, for defendants.

WELLS, J. — The plaintiff had an account against the defendants, which was settled on the 5th of November, 1842. The sum of fifty-four dollars and eighty cents was allowed to them in the settlement as a payment made by them, when it should have been credited to Wilkinson Edes. There are no facts disclosed, which show any fraud on their part in the settlement, by which the plea of the statute of limitations could be avoided.

The action being barred by the statute, there must be an acknowledgment of the debt, or a promise to pay it, made

in writing. R. S., c. 146, § 19. In the memorandum made by Lovering, he does not admit any indebtedness, nor make any promise to pay the debt. The defendant Edes, says, that "Lovering & Edes, never claimed or owned any part of the within lumber, nor any exemption from liabilities on account of time." The statement, that the defendants did not own the lumber, is not an admission that the debt was due, to the payment of which it had been appropriated. And the assertion, that they had never claimed to be exempted from liability on account of time, does not amount to an acknowledgment of the debt or promise to pay it. They make a declaration of what they had not done, and it cannot be construed, as is contended, into a promise not to rely upon the statute.

According to the agreement of the parties a nonsuit must be entered.

Shepley, C. J., and Tenney and Appleton, J. J., concurred.